IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2022

**ANDRE ANTHONY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Trousdale County
No. 2020-CV-4869  Michael Wayne Collins, Judge**

_____

**No. M2021-00665-CCA-R3-HC**
_____

The Petitioner, Andre Anthony, appeals the Trousdale County Circuit Court's summary dismissal of his pro se petition for writ of habeas corpus. After review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Andre Anthony, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and T. Austin Watkins, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

This case relates to the Petitioner's robbery of a Memphis store in July 1999. *See State v. Andre Anthony*, No. W2002-01377-CCA-R3-CD, 2003 WL 23100339, at *1 (Tenn. Crim. App. Dec. 30, 2003). During the robbery, the Petitioner seriously injured the store clerk and took cash, credit cards, and blank checks. *See id*. He later used one of the credit cards and made out three of the checks to himself. *See id*. at *3. The record reflects that in May 2002, a jury convicted the Petitioner of forgery over five hundred dollars in case number 00-00157, forgery over five hundred dollars in case number 00-00158, forgery over one thousand dollars in case in case number 00-00159, attempted first degree murder in case number 00-00160, and especially aggravated robbery in case number 00-00161.

The trial court sentenced the Petitioner to two years for each conviction of forgery over five hundred dollars, four years for his conviction of forgery over one thousand dollars, twenty-four years for his conviction of attempted first degree murder, and twenty-two years for his conviction of especially aggravated robbery and ordered that he serve the twenty-two- and twenty-four-year sentences consecutively for a total effective sentence of forty-six years. On direct appeal of his convictions, this court affirmed the judgments of the trial court. *Id.* This court also affirmed the post-conviction court's denial of the Petitioner's petition for post-conviction relief and the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure. *See State v. Andre Anthony*, No. W2016-02347-CCA-R3-CD, 2018 WL 1989613, at *1 (Tenn. Crim. App. Apr. 26, 2018); *Andre Anthony v. State*, No. W2007-00532-CCA-R3-PC, 2008 WL 763783, at *1 (Tenn. Crim. App. Mar. 24, 2008).

On June 13, 2019, the Petitioner filed a pro se Petition for Declaratory Judgment in chancery court pursuant to the Tennessee Uniform Administrative Procedures Act, challenging the application of pretrial jail credits in case numbers 00-00160 and 00-00161. The Tennessee Department of Correction (TDOC) filed a motion for summary judgment. The chancery court's rulings regarding the pro se petition and the motion for summary judgment are not relevant to the present case. However, in support of the TDOC's motion for summary judgment, Amber Phillips, the TDOC's Assistant Director of Sentence Management Services, signed an affidavit in which she calculated the expiration of each of the Petitioner's five sentences based on the length of the sentence, the Petitioner's pretrial jail credit, his pretrial behavior credits, and his sentence reductions credits. According to her calculations, the Petitioner's twenty-two-year sentence in case number 00-00161 expired on May 7, 2018, and his twenty-four-year sentence in case number 00-00160, which he was to serve consecutive to the twenty-two-year sentence, was to expire on November 19, 2041.

On October 8, 2020, the Tennessee Board of Parole held a parole hearing regarding the Petitioner. In a letter dated October 12, 2020, the Board notified the Petitioner that it recommended he "begin serving [his] next sentence on 9/1/2016."

On November 5, 2020, the Petitioner filed a pro se petition for writ of habeas corpus, asserting that by "next sentence" the Board of Parole meant his twenty-two-year sentence in case number 00-00161. He also asserted that his sentences in case numbers 00-00160 and 00-00161 had both expired and that he was being illegally restrained of his liberty. In support of his argument, the Petitioner attached a printout from the Tennessee Offender Management Information System (TOMIS), showing that his twenty-four-year sentence in case number 00-00160 expired on September 2, 2016. He also attached Ms. Phillips's affidavit in which she calculated that his twenty-two-year sentence in case number 00-00161 expired on May 7, 2018. On May 17, 2021, the habeas corpus court entered an order summarily denying the petition for writ of habeas corpus, concluding that "it appears the petitioner's sentences have not expired per the face of the judgments."

## ANALYSIS

On appeal, the Petitioner contends that the habeas corpus court erred by summarily denying his petition for writ of habeas corpus because the trial court failed to award him pretrial jail credits on all of his cases as required by Tennessee Code Annotated section 40-23-101(c), because the trial court erred by determining that his judgments of conviction did not need to be corrected to reflect pretrial jails credits, and because he was "granted parole to an expired sentence if pretrial jail credits were awarded." The State argues that the habeas corpus court properly denied the petition for writ of habeas corpus. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000); *see also* Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 995 S.W.2d at 83). The determination of whether to grant habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt*, 24 S.W.3d at 322.

Initially, we note that the Petitioner did not raise his first two issues in his pro se petition. We will not address issues raised for the first time on appeal. *See State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). In any event, the failure to award pretrial jail credits does not render a sentence illegal and, therefore, is not a colorable claim in a habeas corpus petition. *See State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015) (stating that "[a] trial court's failure to award pretrial jail credits does not render the *sentence* illegal"); *Cory O'Brien Johnson v. State*, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. Aug. 30, 2016) (stating that "[a] trial court's failure to award pretrial or post-judgment jail credits does not render a sentence illegal and is, therefore, insufficient to establish a colorable claim for habeas corpus . . . relief").

Regarding the expiration of the Petitioner's sentences in case numbers 00-00160 and 00-00161, the record before us includes copies of those judgments of conviction. The

judgment for case number 00-00160 shows that the Petitioner was convicted of attempted first degree murder on May 2, 2002, that he received a twenty-four-year sentence to be served at thirty percent release eligibility, and that he was to serve the sentence consecutive to his sentence in case number 00-00161. The judgment for case number 00-00161 shows that the Petitioner was convicted of especially aggravated robbery on May 2, 2002, that he received a twenty-two-year sentence to be served at one hundred percent, and that he was to serve the sentence consecutive to his sentence in case number 00-00160. Accordingly, the judgments of conviction do not support the Petitioner's claim that both of his sentences have expired, and he is not entitled to habeas corpus relief.

## CONCLUSION

After review, we affirm the judgment of the habeas corpus court.

_____

JOHN W. CAMPBELL, SR., JUDGE